UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, WHO SUBSCRIBE TO CERTIFICATE NO. IRPI-GL-21-421,  *Plaintiffs*,  v.  SFV LOGISTICS, LLC; MARUICHI LEAVITT PIPE & TUBE, LLC; MICHAEL A. BARTKUS; PARADIGM TRANSPORTATION MANAGEMENT GROUP, LLC,  *Defendants*. | Case No.  23-cv-2278 |

**COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF**

Plaintiffs, Certain Underwriters at Lloyd's, London, Who Subscribe to Certificate No. IRPI-GL-21-421 (collectively "Underwriters"), by and through their undersigned counsel, for their Complaint for Declaratory Judgment and Related Relief against Defendants SFV Logistics, LLC ("SFV" or "the insured"); Maruichi Leavitt Pipe & Tube, LLC ("Maruichi"); Michael A. Bartkus ("Bartkus"); and Paradigm Transportation Management Group, LLC ("Paradigm"), state as follows:

### I.     STATEMENT OF THE CASE

1.     This action seeks a declaration, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure ("FRCP") 57, for purposes of determining a question of actual controversy between the parties, which is justiciable in nature, as set forth more fully below. Specifically, Underwriters seek a determination of the parties' rights and obligations under Certificate No. IRPI-GL-21-421, issued to Defendant SFV Logistics, LLC (the "Policy"). Underwriters seek a judgment declaring the Policy does not provide any duty to defend or indemnify Defendant SFV Logistics,

LLC with respect to claims asserted against SFV by Defendant Maruichi Leavitt Pipe & Tube, LLC in a civil action pending in the Circuit Court of Cook County, styled as Michael A. Bartkus v. Maruichi Leavitt Pipe & Tube, LLC, Cause No. 2023L000039 (the "State Court Action").

## II.    THE PARTIES

2.    Certain Underwriters at Lloyd's, London, are a syndicate of business entities organized and existing under the laws of England and Wales with a principal place of business in London, England. The Underwriters insurance policy at issue in this action was issued by Syndicate 2987 subscribing to 100% percent of the risk. Syndicate 2987 is a Lloyd's syndicate equivalent to an unincorporated association.  The managing agent for Syndicate 2987 is Brit Syndicates Limited, which is a United Kingdom corporation incorporated under the laws of England and Wales with its principal place of business in the United Kingdom.  The sole member of Syndicate 2987 is Birt UW Limited.  Brit UW Limited is also a United Kingdom corporation incorporated under the laws of England and Wales with its principal place of business in the United Kingdom.

3.    Defendant SFV Logistics, LLC, is a limited liability company organized and operating under the laws of the State of Illinois, with its principal office located at 303 E. Main Street, Suite A, Mahomet, Illinois 61853. Its registered agent for service of process is Kyle J. Emkes, who may be served at 2101 Windsor Place, Suite 2, Champaign, Illinois 61820. SFV Logistics, LLC, is the named insured listed on Certificate No. IRPI-GL-21-421. The members of this Defendant are citizens of the State of Illinois, and this Defendant is, therefore, a citizen of the State of Illinois.

4.    Defendant Maruichi Leavitt Pipe & Tube, LLC, is a limited liability company organized and operating under the laws of the State of Illinois, with its principal office located at

171 W. 115th Street, Chicago, Illinois 60643. Its registered agent for service of process is Frank R. Cohen, who may be served at 300 S. Wacker Drive, Suite 1500, Chicago, Illinois 60606. The members of this Defendant are citizens of the State of Illinois, and this Defendant is, therefore, a citizen of the State of Illinois.

5. Defendant Michael A. Bartkus is a resident and citizen of the State of Florida residing at 3306 256th Street, O'Brien, Florida 32071. Bartkus may be served with process at the aforementioned address.

6. Defendant Paradigm Transportation Management Group, LLC is a limited liability company organized and operating under the laws of the State of Pennsylvania, with its principal office located at 100 Commerce Drive, Pittsburgh, Pennsylvania 15275 and it may be served at same. The members of this Defendant are citizens of the State of Pennsylvania, and this Defendant is, therefore, a citizen of the State of Pennsylvania.

### III.    JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because it involves citizens of a state (Illinois, Florida, and Pennsylvania) and citizens or subjects of a foreign state (the United Kingdom) and the amount in controversy exceeds $75,000.

8. This action concerns the rights and obligations, including defense and indemnity obligations, if any, under a liability insurance policy issued within the jurisdictional limits of the Central District of Illinois for alleged events that occurred within the jurisdictional limits of the Central District of Illinois. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.  FACTS

9. On or about January 3, 2023, Defendant Michael A. Bartkus filed the State Court Action against Defendant Maruichi Leavitt Pipe & Tube, LLC. (*See* **Exhibit 1**, Verified Complaint).

10. Bartkus alleges he arrived at Maruichi's warehouse, located at 1900 West 119th Street, Chicago, Illinois, where Maruichi's employees "loaded approximately 47,000 lbs. of steel tubing" onto Plaintiff's flatbed trailer. (*See* **Ex. 1**, ¶ 6). Bartkus claims Maruichi requires tarps "be placed over the load prior to allowing the tractor-trailer to depart its facility." (*See* **Ex. 1**, ¶ 7).

11. However, Maruichi allegedly "prohibited [Bartkus] from tarping the load within the indoor loading area of the facility and further directed and restricted Plaintiff to perform the tarping of the load at a certain outdoor location on the premises." (*See* **Ex. 1**, ¶ 8). As a result, Bartkus contends he "was caused to and did fall from the subject tractor-trailer while attempting to tarp its load, causing him to suffer injuries." (*See* **Ex. 1**, ¶ 11).

12. The Verified Complaint in the State Court Action sets forth a count of negligence against Maruichi and Bartkus claims it was Maruichi's duty to "exercise ordinary care in its conduct, including its requirements, prohibitions, directions, and restrictions relating to the tarping of the aforesaid load, so as not to cause injury to [Bartkus]." (*See* **Ex. 1**, ¶¶ 9-10).

13. Maruichi subsequently demanded SFV defend and indemnify it for the claims alleged within the State Court Action and requested SFV notify its insurance carrier, Underwriters, of this demand. (*See* **Exhibit 2**, Correspondence dated July 24, 2023).

14. SFV notified Underwriters of Maruichi's demand on August 7, 2023 and Underwriters issued a letter to Maruichi on August 31, 2023 advising Maruichi is not listed as an

additional insured and/or named insured on the Policy. (*See* **Exhibit 3**, Correspondence dated August 31, 2023).

15. Underwriters requested Maruichi withdraw its demand for a defense, which was subsequently withdrawn on September 7, 2023. (*See* **Exhibit 4**, Email dated September 7, 2023).

16. Maruichi subsequently filed a Third-Party Complaint for Contribution, pursuant to the underlying State Court Action, against SFV and Paradigm pursuant to Illinois' Contribution Among Joint Tortfeasors Act. (*See* **Exhibit 5**, Third-Party Complaint).

17. The Third-Party Complaint contains counts of contribution against SFV and Paradigm, alleging Bartkus was "dispatched by Paradigm, via its agent, [SFV]," to retrieve the load from Mariucci on 4 March 2022. (*See* **Ex. 5**, ¶ 11).

18. Maruichi claims SFV allegedly "owed a duty to exercise ordinary care to ensure its subcontractors, including Bartkus, were properly tarping flatbed trailers" and Maruichi contends SFV was "negligent and careless" by failing to "adequately instruct and/or ensure" Bartkus was qualified and/or prepared. (*See* **Ex. 5**, ¶¶ 17-18).

19. Maruichi seeks contribution from SFV and/or Paradigm "in an amount commensurate with [SFV and/or Paradigm's] percentage of fault, which proximately caused or contributed" to Bartkus' alleged injuries. (*See* **Ex. 5**, ¶¶ 10, 23).

20. Underwriters are providing a defense to SFV regarding the Third-Party Complaint only, subject to a complete reservation of their rights.

## V.  THE POLICY

21. Underwriters, pursuant to Certificate No. IRPI-GL-21-421, provide General Liability Coverage and Professional Liability Coverage to the insured, SFV Logistics, LLC, for

the period February 1, 2022 to February 1, 2023. (*See* **Exhibit 6**, Policy Documents, p. 1). [1]

General Liability Coverage is provided in the amount of $1,000,000 for any one occurrence, and $2,000,000 in the aggregate annually, subject to a $1,000 deductible for each occurrence. (*See* **Ex. 6**, p. 1). Professional Liability Coverage is provided in the amount of $500,000 any one claim, subject to a $1,000 deductible for each occurrence. (*See* **Ex. 6**, p. 1).

22. The Commercial General Liability Coverage Form states, in pertinent part:

**COMMERCIAL GENERAL LIABILTY COVERAGE**

\*\*\*

**SECTION 1 – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILTY**

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

\*\*\*

2. Exclusions

This insurance does not apply to:

\*\*\*

g. Aircraft, Auto or Watercraft

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to

---

[1] For ease of reference, Underwriters have Bates stamped the Policy documents. The Bates numbers can be found in the top right corner of the documents.

others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

\*\*\*

**SECTION V – DEFINITIONS**

2. "Auto" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

(**Ex. 6**, pp. 23–36).

23. Endorsement 2 of the Policy references the Policy as issued in the name of SFV Logistics, LLC, and is effective February 1, 2022. Endorsement 2 states in pertinent part:

**n) Employees of Independent Contractors Endorsement**

The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage sustained by any employee of an independent contractor contracted by you or on your behalf.

The coverage under this policy also does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or medical payments arising out of operations performed for you by independent contractors or your acts or omissions in connection with your general supervision of such operations.

\*\*\*

**r) Amendment of Auto Exclusion**

With respect to any "auto," under 2. Exclusions, g. Aircraft, Auto or Watercraft, Commercial General Liability Coverage Form, Section I. Coverages, the first paragraph is replaced by the following and applies throughout this policy:
This insurance does not apply to "bodily injury" or "property damage" arising out of, caused by or contributed to by the ownership, non-ownership, maintenance, use or entrustment to others of any "auto". Use includes operation and "loading and unloading".

Professional Liability, Malpractice, Errors, Omission, Acts of any type including rendering or failure to render any type of professional service is not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same.

**\*\*\***

| **aa) Duty to defend** |
|---|

Where there is no coverage under this policy, there is no duty to defend.

(**Ex. 6**, pp. 7–10).

24.      A separate endorsement to the Policy states:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

| **Premises:**<br>      001 –   303 E. Main St., Suite A<br>      Mahomet, IL 61853 |
|---|
| Project:<br>N/A |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

(**Ex. 6**, p. 20).

25. The Policy includes a Professional Liability Insurance Endorsement that states as follows:

## MISCELLANEOUS
## PROFESSIONAL LIABILITY INSURANCE

**NOTICE**: THIS IS A CLAIMS-MADE FORM. Except to such extent as may otherwise be provided herein, the coverage afforded under this Policy is limited to liability for only those CLAIMS THAT ARE FIRST MADE AGAINST THE **INSURED** AND REPORTED TO THE UNDERWRITERS DURING THE **PERIOD OF INSURANCE**. The limits of liability available to pay **Damages** shall be reduced and may be completely exhausted by payment of **Claims Expenses. Damages** and **Claims Expenses** shall be applied against the deductible. Please review the coverage afforded under this Policy carefully and discuss the coverage hereunder with your insurance agent or broker. Words and phrases in **bold** have special meaning. See Section II Definitions.

The Underwriters agree with the **Named Insured**, in consideration of the payment of the premium and in reliance upon the statements in the application which is made a part of this Policy and subject to the limits of liability, exclusions, conditions and other terms of this insurance**:**

I. **<u>Insuring Agreements</u>**

   A.   Coverage

   To pay on behalf of the Insured, subject to the terms, conditions, limitations and exclusions of this Policy, those Damages and Claims Expenses which the Insured shall become legally obligated to pay because of a Claim or Claims, first made against the Insured and reported to the Underwriters during the Period of Insurance, or any applicable Extended Reporting Period, solely arising out of an act, error or omission of the Insured in rendering or failing to render for others such services in the Profession as stated in Item 7 of the Declarations, on behalf of the Named Insured, PROVIDED ALWAYS THAT such act, error or omission happens:

   i during the Period of Insurance, or

ii prior to the Period of Insurance and subsequent to the retroactive date, if any, stated in Item 5 of the Declarations,

\*\*\*

## II. Definitions

Whenever used in this Insurance:

B. "Bodily Injury" means injury to the body, sickness or disease sustained by any person, including death resulting from said injuries; or mental injury, mental anguish, mental tension or emotional distress, pain or suffering or shock sustained by any person whether or not resulting from injury to the body, sickness or disease or death of any person.

C. "Claim" means a demand received by any Insured for money, including the service of suit or institution of arbitration proceedings against the Insured arising out of any act, error or omission in the rendering of those Services in the Profession stated in Item 7 of the Declarations on behalf of the Named Insured.

\*\*\*

E. "Damages" means a monetary judgment, award or settlement, but Damages does not include: any punitive or exemplary damages, any damages which are a multiple of compensatory damages, any award pursuant to the Texas Deceptive Trade Practices Act, fines, sanctions or penalties, whether based upon intentional or unintentional acts, errors or omissions, or the return or reimbursement of fees, costs, expenses or other compensation charged by any Insured for services.

\*\*\*

## IV. Exclusions

The coverage under this Policy does not apply to:

C. any Claim based on or arising out of Bodily Injury, or Property Damage;

\*\*\*

(**Ex. 6**, pp. 89–93).

287572424v.1

26. The Transportation Broker Professional Capacity Endorsement of the Policy references the Policy as issued in the name of SFV Logistics, LLC, and is effective February 1, 2022. The Transportation Broker Professional Capacity Endorsement states in pertinent part:

**Additional Exclusions**

\*\*\*

U.  the ownership, maintenance, operation or use, including loading and unloading, by or in the interest of or at the direction of the Insured, of any watercraft, aircraft, motor vehicle, automobile or conveyance to any type or kind:

\*\*\*

(**Ex. 6**, p. 102).

## VI. CAUSE OF ACTION FOR DECLARATORY JUDGMENT

27. Underwriters incorporate and reinstate the allegations contained in Paragraphs 1 through 25 above as if fully set forth herein.

28. The claims asserted against SFV by Maruichi within the Third-Party Complaint in the State Court Action are not covered by the Policy pursuant to the terms and conditions of the Policy.

**A.   MARUICHI'S CLAIMS AGAINST SFV DO NOT ARISE OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF THE SCHEDULED PREMISES AND THE OPERATIONS NECESSARY OR INCIDENTAL THERETO.**

29. The Designated Premises Endorsement limits coverage to bodily injury, property damage and personal and advertising injury that arises out of the ownership, maintenance or use of the Scheduled Premises and the operations necessary or incidental to those premises. The Scheduled Premises is 303 E. Main St., Suite A, Mahomet, IL 61853. (*See* **Ex. 6**, p. 20).

30. Both Bartkus' Complaint and the Third-Party Complaint arising from the State Court Action contend the incident occurred at Maruichi's warehouse located at 1900 West 119th Street, Chicago, Illinois. (*See* **Ex. 1**, ¶ 5; **Ex. 5**, ¶ 2).

31. Additionally, the rate confirmation for the underlying load indicates it was retrieved from 1900 West 119th Street, Chicago, Illinois and delivered to 746 Keystone Industrial Park Drive, Camdenton, Missouri. (*See* **Exhibit 7**, Rate Confirmation).

32. As such, the claims as alleged do not arise from the ownership, maintenance, or use of any of the Scheduled Premises, 303 E. Main St., Suite A, Mahomet, IL 61853, or operations necessary or incidental to those properties.

### B. MARUICHI'S CLAIMS AGAINST SFV ARISE OUT OF THE OPERATIONS PERFORMED FOR SFV BY AN INDEPENDENT CONTRACTOR WHILE USING AN AUTO.

33. The Policy specifically excludes coverage for "bodily injury" sustained by any employee of an independent contractor contracted by the insured or on its behalf or any "bodily injury" arising out of the operations performed for the insured by an independent contractor. (*See* **Ex. 6**, p. 7).

34. The rate confirmation and dispatch sheet identify "Michael Bartkus Trucking LLC" as the involved motor carrier and the contact as "Michael." (*See* **Ex. 7**; *see also* **Exhibit 8**, Dispatch Sheet).

35. Assuming SFV brokered the underlying shipment, Bartkus was purportedly acting as an employee of the motor carrier, an independent contractor, or the alleged injuries arise out of operations being performed for SFV by an independent contractor.

36. Further, the Policy also excludes coverage for "bodily injury" arising out of the use of any auto, including "loading and unloading." As defined within the policy, "auto" includes trailer or semi-trailer designed for travel on public roads. (*See* **Ex. 6**, pp. 8, 26, 34).

37. Both Bartkus' Complaint and the Third-Party Complaint arising from the State Court Action contend Bartkus was injured while tarping a load on his trailer. (*See* **Ex. 1**, ¶ 11; **Ex. 5**, ¶ 1).

### C. MARUICHI'S CLAIMS AGAINST SFV ARISE OUT OF ALLEGED BODILY INJURY DURING USE OF A MOTOR VEHICLE.

38. With regard to the Professional Liability portion of the Policy, coverage is specifically excluded for claims based on, or arising out of, bodily injury. As defined within the Policy, "bodily injury" includes injury to the body, sickness or disease, including death resulting from said injuries; or mental injury, mental anguish, mental tension or emotional distress, pain or suffering or shock, whether or not resulting from injury to the body, sickness or disease or death of any person. (*See* **Ex. 6**, pp. 91, 93).

39. The Third-Party Complaint seeks contribution from SFV regarding the injuries Bartkus allegedly sustained as outlined within his Complaint. These alleged damages include "pain and suffering, disability and disfigurement, loss of his normal life, medical expenses and treatments, loss of value of life, loss of earnings, and "has otherwise been damaged in a personal and pecuniary nature." (*See* **Ex. 1**, ¶ 12; **Ex. 5**).

40. The Professional Liability portion of the Policy also specifically excludes the use, including loading and unloading, of any motor vehicle. (*See* **Ex. 6**, p. 102).

41. Again, both Bartkus' Complaint and the Third-Party Complaint arising from the State Court Action contend Bartkus was injured while tarping a load on his trailer. (*See* **Ex. 1**, ¶ 11; **Ex. 5**).

42. Because the claims are not covered by the Policy, Underwriters owe neither defense nor indemnity under the Policy to SFV for the claims asserted by Maruichi within the Third-Party Complaint in the State Court Action.

43. An actual case and controversy exists between the parties as to whether Underwriters are obligated to defend and/or indemnify the SFV with respect to the claims by Maruichi within the Third-Party Complaint in the State Court Action or any claims arising therefrom.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and FRCP 57, this Court is vested with the power and obligation to declare the rights and liabilities of the parties and to give such other and further relief that may be necessary.

45. This is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

**WHEREFORE**, Underwriters respectfully request that judgment be entered as follows:

1. Declaring that Underwriters are not obligated to defend and/or indemnify Defendant SFV with respect to the claims asserted against it in the Third-Party Complaint arising out of the State Court Action or for any other claims arising therefrom.

2. Awarding Underwriters any and all other relief to which they may be entitled in law or equity, including an award of costs.

DATED: December 4, 2023

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: /s/ Alex J. Levin
Attorney for Plaintiffs
Alex J. Levin (ARDC No. 6324238)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603-5001
Tel. (312) 704-0550
Fax (312) 704-1522
alex.levin@wilsonelser.com